IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHAN VAQUEDANO,                    )
          Petitioner,              )
                                     )
                                     )
          v.                       )         Civil A. No. 3:26-867
                                     )         Judge Nora Barry Fischer
TODD BLANCHE, et al.,              )
          Respondents.            )

**MEMORANDUM ORDER**

Presently before the Court are Petitioner's Petition for Writ of Habeas Corpus, (Docket No. 1), and the Respondents' Opposition to Petition for Writ of Habeas Corpus, (Docket No. 6). Petitioner, an 18-year-old citizen of Honduras, is currently detained at Moshannon Valley Processing Center. (Docket No. 1). He entered the United States as a minor along with his mother and two siblings at the San Ysidro Port of Entry on May 13, 2018, was processed as an expedited removal with credible fear and then paroled into the country. (Docket Nos. 1 at ¶ 4-7; 6 at 4). The initial immigration case was terminated on August 26, 2024. (Docket No. 1 at ¶¶ 8-10).

Petitioner has been living in the interior of the United States since his initial entry and was recently enrolled in high school in New Jersey. (*Id*. at ¶¶ 11-12, 17). On March 18, 2026, Petitioner was involved in a domestic dispute with his aunt, arrested by local police in Plainfield, New Jersey, charged with simple assault and detained at the Union County Jail in Elizabeth, New Jersey. (*Id*. at ¶ 13, 36). On the next day, ICE reinitiated removal proceedings against Petitioner, lodged a detainer against him at the local jail, arrested him after he was released from the local jail and placed him in ICE detention. (Docket No. 1 at ¶¶ 14-15, 36-37). The state simple assault charge was later dismissed for lack of prosecution in an Order dated April 4, 2026. (Docket No. 1 at 23). Petitioner is classified as an arriving alien on the Notice to Appear dated March 19, 2026, there is

- 1 -

no final order of removal in his case, and the immigration docket reflects that a Master Hearing is scheduled in his case on May 21, 2026. (*Id*. at ¶¶ 15, 18). He has been detained without a bond hearing. (*Id*. at ¶ 18).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing. (Docket No. 1). In opposition, Respondents contend that this is an "Arriving Aliens" case whereby Petitioner entered the United States at a Port of Entry, applied for admission, was paroled into the United States and was later arrested in the interior of the United States. (Docket No. 6 at 4). Respondents admit that Petitioner is being held in mandatory detention pursuant to § 1225(b)(2) and do not claim that he is subject to detention due to the local criminal charge under the Laken Riley Act. (*Id*.). Despite acknowledging the prior decisions of Judges on this Court, the Government reaffirms its position that mandatory detention applies and advocates that the Court should follow the decisions from the Courts of Appeals[1] for the Fifth and Eighth Circuits. (Docket No. 6). Having considered the parties' positions, the lack of binding authority from the U.S. Court of Appeals for the Third Circuit and this Court having held that individuals like Petitioner who are arrested and detained in the interior of the United States are not subject to mandatory detention under § 1225(b)(2) and affirmatively joined the Courts of Appeals[2] for the Second, Sixth, and Eleventh Circuits, and the vast majority of district courts,[3] for the reasons set forth in this Court's

---

[1]    *See Avila v. Bondi*, 2026 WL 819258 (8th Cir. 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

[2]    *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos, et al. v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations, et al.*, Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava I")*, 161 F.4th 1048 (7th Cir. 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava II")*, 2026 WL 1223250 (7th Cir. May 5, 2026).

[3]    *See e.g., Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), the Court now holds that Petitioner's detention is governed by § 1226(a) and he has a statutory right to an individualized bond hearing. Hence, the Court will order Respondents to conduct a bond hearing pursuant to the directives below.

AND NOW, this 20th day of May, 2026,

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus [1] is GRANTED, IN PART and DENIED, IN PART.  Said Petition is granted to the extent that Petitioner seeks an individualized bond hearing under Count III;

IT IS FURTHER ORDERED that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that within seven (7) days thereafter, Respondents shall provide notice to the Court of the outcome of the bond hearing;

IT IS FURTHER ORDERED that the Petition is DENIED to the extent it requests any additional relief beyond a bond hearing in Count III and Petitioner's claims at Counts I and II are DENIED; and,

An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: counsel of record